**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812** |

September 8, 2014

LETTER TO COUNSEL:

      RE:    *Larry Anthony Jackson v. Commissioner, Social Security Administration*;
              Civil No. SAG-13-3579

Dear Counsel:

      On November 26, 2013, the Plaintiff, Larry Anthony Jackson, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Jackson's supplemental memorandum. (ECF Nos. 19, 21, 23). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the agency for further consideration pursuant to sentence six of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. Jackson filed his claims on October 28, 2010, alleging disability beginning on March 14, 2009. (Tr. 132-39). His claims were denied initially on January 11, 2011, and on reconsideration on July 18, 2011. (Tr. 62-66, 68-69). A hearing before an Administrative Law Judge ("ALJ") was held on July 9, 2012. (Tr. 27-57). Following that hearing, on September 21, 2012, the ALJ determined that Mr. Jackson was not disabled. (Tr. 11-26). The Appeals Council denied Mr. Jackson's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the agency. During the review process, Mr. Jackson filed another application for benefits, and as a result of that new application, was found disabled as of September 22, 2012 (the day after the ALJ's decision in the instant case). Pl. Supp. Ex. 1, at 1.

      The ALJ found that Mr. Jackson suffered from the severe impairments of migraine headaches, lumbar strain, peripheral neuropathy, depression, Tourette's, and history of polysubstance abuse. (Tr. 17). Despite these impairments, the ALJ determined that Mr. Jackson retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds; he must avoid hazards, including moving machinery and unprotected heights; he is limited to simple, routine, and repetitive tasks; he requires a low stress job, defined as having only occasional decision making and occasional changes in the work setting; and he can have only occasionally direct interaction with the general public.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Jackson could perform jobs existing in significant numbers in the national economy, and that

*Larry Anthony Jackson v. Commissioner, Social Security Administration*
Civil No. SAG-13-3579
September 8, 2014
Page 2

he was therefore not disabled.  (Tr. 21-22).

      Mr. Jackson raises three primary issues on appeal:  that the ALJ improperly considered evidence pertaining to his blackouts, that the Appeals Council did not appropriately consider the new and material medical evidence presented before it, and that the subsequent award of benefits constitutes new and material evidence suggesting error in the instant denial of benefits.  Because I agree with Mr. Jackson's contention regarding the import of his subsequent award of benefits, I need not address his first two arguments, as both his blackouts and the records presented to the Appeals Council will be considered by the agency upon remand of the case.

      Mr. Jackson suggested in his supplemental memorandum that the subsequent award of benefits, with an onset date just one day after the ALJ's decision in this case, provides a basis for remand or reversal.  Counsel for Mr. Jackson represented that the second application was premised on the same medical evidence that had been submitted to the Appeals Council with respect to the first application.  Pl. Supp. 3.  Plaintiff did not attach the record from the second application to permit me to assess the overlap between the evidence in the two files.  However, Plaintiff did attach the Notice of Reconsideration from the agency, which states:

> Larry Jackson stated he became unable to work on 3/14/2009 because of blackouts, hearing voices, bad back, talking to himself, and shouting out in public. While he stopped work because of his condition, the earliest possible onset is the day after the Office of Disability Adjudication and Review made a determination on 9/21/2012.  Therefore, disability is established as of 9/22/2012.

Pl. Supp. Ex. 1, at 1.  The agency therefore concedes that the reason for the disability onset date of 9/22/2012 is solely the date of the prior decision, and not any material change in Mr. Jackson's medical condition.  Moreover, the agency implies, without stating, that it may have found disability to have been established as of March 14, 2009.

      Sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding.

42 U.S.C. § 405(g).  When invoking sentence six, a court does not either affirm or reverse the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding."  *Id.*  The Fourth Circuit has not expressly addressed whether a subsequent finding of disability itself constitutes new and material evidence.  District Courts within the Fourth Circuit, and other federal courts, have taken varying approaches to the question.  Some courts have determined that, in cases where the disability onset date was close in proximity to the

prior denial of benefits, the subsequent award warrants a sentence six remand. *See, e.g., Hayes v. Astrue,* 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) (remanding where the subsequent award used an onset date one day after an unfavorable decision); *Reichard v. Barnhart*, 285 F. Supp. 2d 728, 734 (S.D.W. Va. 2003) (remanding where the subsequent award used an onset date less than one week after an unfavorable decision). Other courts have found that, even with close proximity between the date of denial and the subsequent onset date, subsequent awards alone do not constitute new and material evidence because of the possibility of intervening circumstances. *See, e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 654 (6th Cir. 2009) (finding remand unwarranted because the claimant failed to show that "the subsequent decision was supported by new and material evidence that [the claimant] had good cause for not raising in the prior proceeding"); *Atkinson v. Astrue,* No. 5:10-CF-298-FL, 2011 WL 3664346, at *15-17 (E.D.N.C. July 20, 2011) (collecting cases and determining that exclusive reliance on a subsequent award does not establish the existence of new and material evidence); *Johnson v. Astrue,* No. 3:09-2458-JMC-JRM, 2010 WL 6089082, at *8 (D.S.C. Nov. 16, 2010) (relying on *Allen* and holding that a subsequent favorable decision alone does not merit remand); *Sayre v. Astrue*, No. 3:09-01061, 2010 WL 4919492, at *4 (S.D.W.Va. Nov. 29, 2010) (adopting the *Allen* rationale).

I generally agree with the rationale set forth by the *Allen* and *Atkinson* courts in cases in which there is no evidence excluding the possibility of intervening circumstances or a deteriorating medical condition. However, as I noted above, Mr. Jackson's Notice of Reconsideration is clear that the selection of the disability onset date was premised solely on the date of the ALJ opinion, not on any arguable deterioration of Mr. Jackson's medical condition between September 21, 2012 and September 22, 2012. In the absence of intervening circumstances justifying the two different outcomes, it is appropriate to remand the case for further consideration of the actual onset date of Mr. Jackson's disability. Accordingly, Mr. Jackson has demonstrated the existence of new and material evidence pertinent to consideration of his original applications, which supports a sentence six remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 19) and the Commissioner's motion for summary judgment (ECF No. 21) will be DENIED, and the case will be remanded to the Commissioner pursuant to sentence six. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                         Sincerely yours,

                                         /s/

                                         Stephanie A. Gallagher
                                         United States Magistrate Judge